PATRICK GANLEY *vs.* WILLIAM LOONEY.

A grant of the use of land, and a well of water situated thereon, in common with others will not authorize the grantee to dig up the soil thereof and build a pig-pen over the platform of the well; and if he does these things he will be liable in an action of tort, in the nature of trespass *quare clausum fregit*, notwithstanding his easement.

TORT for breaking and entering the plaintiff's close in Salem, bounded southeasterly by the defendant's house and southwesterly by the plaintiff's house, digging up the soil, erecting a pigpen thereon, and covering the soil with heavy stones so as to destroy all use of it. The answer denied all the allegations in the declaration, and alleged that the defendant entered upon the close by license from the plaintiff.

At the trial in the superior court, before *Morton*, J., the plaintiff gave in evidence a deed to himself of the close in question and of the house now occupied by the defendant; and entry and possession by himself under the same; and also offered

evidence tending to show that the defendant erected a pig-pen over the platform of a well on the close, and dug a large hole in the close, and allowed the same to remain for a considerable time.

The defendant gave in evidence a subsequent deed from tne plaintiff to himself of the house now occupied by him, bounded " northwesterly by the common land herein described, and by the way leading to the well of water on said common land ; " " Also the use, in common with the owner and occupants " of the plaintiff's dwelling-house, " of the land next northeasterly thereof, and the well of water on said common land," which was the close described in the writ.

The defendant requested the court to instruct the jury that, he having a right and license from the plaintiff to use the close in common with the occupants of the plaintiff's house, there was no trespass of breaking and entering, and the plaintiff could not maintain this action, even if he proved the other acts alleged in the declaration.

But the court refused so to instruct the jury ; and instructed them that the grant of the use of the close in common with the plaintiff conveyed only an easement or right to use it in common with the plaintiff, and not the soil or the right to an exclusive use by the defendant ; that such right of use was to be exercised reasonably and in such mode as was consistent with the similar use by the plaintiff ; and that if such acts as were proved in the case were in the opinion of the jury such as were not authorized by the grant as thus described, then they were trespasses for which the defendant was responsible in this form of action.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. Sewall,* for the defendant.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* for the plaintiff.

GRAY, J. The plaintiff was the owner in fee of the close upon which the alleged trespass was committed. The defendant had only an easement in this close, to use it in common with the plaintiff as owner of the land adjoining. The defendant

had no title in fee, and although he had a right, by virtue **of** his easement, to enter upon the close, yet if he used the close for a purpose not within the terms of his easement, he thereby exceeded his license, was unlawfully upon the land, and liable to an action by the plaintiff as owner of the fee for such trespass. *Davenport* v. *Lamson*, 21 Pick. 72. *O'Linda* v. *Lothrop*, Ib. 297. *Appleton* v. *Fullerton*, 1 Gray, 192, 194. In *Eames* v. *Prentice*, 8 Cush. 337, and *Merriam* v. *Willis*, 10 Allen, 119, cited for the defendant, in which it was held that an action of trespass for breaking and entering the plaintiff's close could not be supported by proof of taking and carrying away goods only, no unlawful use of the land itself was proved.

The defendant has no just cause of exception to the manner in which the case was left to the jury. The defendant's right of use was well defined by the presiding judge as one which was to be exercised reasonably and in such mode as to be consistent with the similar use by the plaintiff; and the question whether the acts proved came within this definition was rightly submitted to the jury as a question of fact. We may add that if the question were one to be decided by the court, we should have no doubt that building a pig-pen over the well and digging a large hole in the ground were acts inconsistent with the common use of the close by the parties, and therefore, even if there were any doubt of the propriety of submitting the question to the jury, it has been rightly decided, and the defendant has sustained no injury. *Ricker* v. *Cutter*, 8 Gray, 248.

*Exceptions overruled.*